**George USHER, Plaintiff,**

v.

**Lt. N. PADIAN, Sgt. Christopher, Captain Harting, Det. Kralick, and other unknown members of the White Plains New York Police Department, Defendants.**

**No. 93 Civ. 7087 (VLB).**

United States District Court,
S.D. New York.

Oct. 13, 1994.

Philip Russell, Russell & Wells, Greenwich, CT, for plaintiff.

Gregg D. Minkin, Joseph A. Maria, P.C., White Plains, NY, for defendants.

MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

**I**

This diversity of citizenship suit brought by a Connecticut resident against White Plains police officers seeks monetary damages for impoundment of a BMW registered to plaintiff. Plaintiff was arrested on May 28, 1992 based upon police observation of a narcotics transaction, leading to seizure of a controlled substance, $2,132 in cash and the vehicle. On September 24, 1992 plaintiff pleaded guilty to a charge of criminal possession of a controlled substance in the third degree (a Class E felony).

The complaint (¶ 14) states that the BMW is subject to a security interest held by Shawmut Bank, which has never been made a party to the litigation. Plaintiff never brought a proceeding seeking recovery of the vehicle, and waited until October, 1993 to bring the current action for damages.

The complaint names four specific police officers as defendants but contains no references to any particular acts alleged to have been performed by any of them individually. No steps appear to have been taken to identify any of the unknown officers referred to in the caption.

On August 18, 1994 defendants served a motion for an order dismissing the complaint, returnable September 26, 1994, on the ground that plaintiff forfeited any valid claim to the vehicle. The motion is unopposed; no response from plaintiff or his counsel has been received.

Defendants' motion is granted; the Clerk is directed to close this case.

## II

■ The complaint is deficient on its face in several respects. The allegations of the complaint are entirely general and make no specific statements about any defendant by name, nor has any effort been made to identify the unknown defendants; no institutional defendant has been named.

While an amount in controversy exceeding $50,000 is alleged in general terms, neither the price nor value of the BMW nor the amount owed to the Bank are set forth. The Bank, which would appear to be a necessary party under Fed.R.Civ.P. 19 is not made a party, nor has it waived any of its rights or consented that the suit proceed without it.

## III

■ Although challenged by defendants' motion, plaintiff has made no argument and submitted nothing whatever to contravene defendants' contention that plaintiff has no current claim to the vehicle or any of its value. This default amounts to abandonment of the claim, since plaintiff would be in possession of information regarding his ownership rights, including whether or not the bank has foreclosed on the vehicle, and has not chosen to provide any relevant information. *Baxter v. Palmigiano,* 425 U.S. 308, 316–20, 96 S.Ct. 1551, 1556–59, 47 L.Ed.2d 810 (1976); *Interstate Circuit v. United States,* 306 U.S. 208, 225–26, 59 S.Ct. 467, 473–74, 83 L.Ed. 610 (1939); *Gray v. Great American Recreation Ass'n,* 970 F.2d 1081, 1082 (2d Cir.1992); *Scott v. Kelly,* 962 F.2d 145, 146 (2d Cir.1992); *United States v. Torres,* 845 F.2d 1165, 1169 (2d Cir.1988); *Brink's v. New York,* 717 F.2d 700 (2d Cir. 1983).

## IV

■ Defendants have counterclaimed with respect to ultimate disposition of the vehicle. This must be resolved through applicable state or federal forfeiture procedures and not by means of a counterclaim solely against plaintiff, bypassing any rights of the Bank.

SO ORDERED.